UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VIRGINIA HOGAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-03763-JPH-TAB |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Virginia Hogan alleges that Stephen Ehrgott—an employee of the United States Postal Service—negligently caused a motor vehicle accident that caused her injury. The United States has moved for summary judgment. Dkt. [35]. Because there are triable issues of fact regarding whether Mr. Ehrgott breached his duty of care and about comparative fault, the United States' Motion for Summary Judgment is **DENIED**.

## I.
## Facts and Background

Because the United States has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Ms. Hogan and draws all reasonable inferences in her favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).

On December 29, 2016, Ms. Hogan and Mr. Ehrgott were each driving northbound on Ronald Reagan Parkway, approaching its intersection with an on-ramp to Interstate-70 East. Dkt. 34-2 at 17 (Hogan Dep. at 79:16-20); dkt. 34-3 at 6–7 (Ehrgott Dep. at 11–12). Ms. Hogan was driving a Pontiac Grand

1

Prix. Dkt. 34-2 at 11 (Hogan Dep. at 73:9-12). Mr. Ehrgott was driving a United States Postal Service ("USPS") tractor-trailer in the scope of his employment with USPS. Dkt. 35 at 4 (citing Dkt. 9, dkt. 9-1 (Certification of Scope of Employment)); dkt. 35-3 at 4 (Ehrgott Dep. at 9).

The Parkway's two right lanes turned right to I-70's on-ramp. Dkt. 34-3 at 9 (Ehrgott Dep. at 14). Ms. Hogan was preparing to enter the on-ramp from the Parkway's far-right lane. Dkt. 34-2 at 46 (Hogan Dep. at 123:17-23). Mr. Ehrgott was preparing to enter the on-ramp from the lane immediately to Ms. Hogan's left. Dkt. 34-3 at 9–10 (Ehrgott Dep. at 14:3-10, 15:3-11).

Before turning right to enter I-70's on-ramp, Ms. Hogan saw Mr. Ehrgott's vehicle traveling straight. Dkt. 34-2 at 55–56 (Hogan Dep. at 154:3–155:3). But when it was almost past the right turn to I-70's on-ramp, his vehicle began turning right to enter the on-ramp. *Id.* at 55–56 (154:3–155:3). Ms. Hogan then lost sight of Mr. Ehrgott's vehicle, *id.* at 56 (155: 11-16) and began turning right to enter I-70's on-ramp, traveling at about 30 miles per hour while making the turn, *id.* at 27 (at 89:9-23)[1].

Mr. Ehrgott saw Ms. Hogan's vehicle before he turned right to enter I-70's on-ramp. Dkt. 34-3 at 13 (Ehrgott Dep. at 18:6-25). Mr. Ehrgott then lost sight of Ms. Hogan's vehicle before he began turning right to enter the on-

---

[1] The posted speed limit in the area was 45 miles per hour, according to the Indiana Officer's Standard Crash Report. Dkt. 34-1. Ms. Hogan objects to the admissibility of the crash report and seeks to strike the report from the record. Dkt. 37 at 8. Because genuine issues of material fact identified in this Order would not be resolved by the Crash Report, the Court does not address the parties' arguments about its admissibility.

ramp. *Id.* Mr. Ehrgott was traveling at about 10 to 20 miles per hour[2] while making the right turn to enter I-70's on-ramp. *Id.* at 30, 32 (45:22-24, 47:14-22).

The on-ramp had three lanes. Dkt. 34-3 at 9 (Ehrgott Dep. at 14:16-18). After her turn, Ms. Hogan moved into the middle lane of the on-ramp. Dkt. 34-2 at 37 (Hogan Dep. at 105:3-21). Her vehicle was "fully in the middle lane" of the on-ramp before the collision occurred. *Id.* (105:9-21). Ms. Hogan and Mr. Ehrgott collided when Mr. Ehrgott's right front bumper struck Ms. Hogan's left rear side door "maybe two seconds," or "one to two seconds," after Ms. Hogan had moved into the middle lane. *Id.* at 46 (123:17-23). Neither driver saw the collision happen. *Id.* at 16, 38 (80:4-5, 108:4-19); dkt 34-3 at 13 (Ehrgott Dep. at 18:6-25).

Ms. Hogan suffered bodily injuries, medical damages, and lost wages as a result of the collision. Dkt. 28 at 2. She filed this lawsuit against the United States under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, alleging liability for Mr. Ehrgott's negligent acts or omissions since they were performed while he was acting within the course and scope of his employment with USPS. *Id.*

---

[2] In its Motion, the United States claims Mr. Ehrgott was traveling approximately 10 to 15 miles per hour, but Mr. Ehrgott also testified he was in sixth gear at the time of the collision, which would put him at approximately 15 to 20 miles per hour. Dkt. 34-3 at 32 (Ehrgott Dep. 47:14-22).

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must inform the Court "of the basis for its motion" and specify evidence showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the nonmovant must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). Indiana substantive law governs this case. *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019).

## III.
## Analysis

Ms. Hogan brought this negligence action against the United States under the FTCA, 28 U.S.C. §§ 1346, 2671 *et seq.* The FTCA is a limited waiver of the United States' sovereign immunity, permitting suits against the United States for personal injury or death caused by a government employee's negligence under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. *See*

28 U.S.C. § 2674.  There is no right to a jury trial on a claim brought under the FTCA.  28 U.S.C. § 2402; CFR § 750.32; *Carlson v. Green*, 446 U.S. 14, 22 (1980) ("A plaintiff cannot opt for a jury in an FTCA action.").

To prevail on a negligence claim under Indiana law, Ms. Hogan must show: (1) Mr. Ehrgott owed her a duty of care, (2) Mr. Ehrgott breached his duty of care by allowing his conduct to fall below the applicable standard of care, and (3) Mr. Ehrgott's breach of duty proximately caused Ms. Hogan compensable injuries.  *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386–87 (Ind. 2016).  The Court must apply Indiana law by doing its "best to predict how the Indiana Supreme Court would decide" the issues.  *Webber*, 923 F.3d at 482.

The United States disputes only the second requirement—breach of the duty of care.  Dkt. 35 at 1.  The United States contends that undisputed material facts show that Mr. Ehrgott was not traveling too fast[3] and did not enter a lane that was already occupied by Ms. Hogan.  *Id.* at 7.

The assessment of "duty and breach of duty always begins with consideration of the venerable legal concept of the 'reasonable person' . . . . As stated in the Restatement (Second) of Torts § 283 (1965), '[u]nless the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable [person] under like circumstances.'  Negligence occurs when conduct falls below this standard."  *Key v. Hamilton*, 963 N.E.2d

---

[3] As addressed below, there is a genuine issue of material fact about Mr. Ehrgott entering a lane already occupied by Ms. Hogan, precluding summary judgment, and so the Court does not address the parties' arguments about Mr. Ehrgott's speed.

5

573, 579 (Ind. Ct. App. 2012). Motorists have a duty to use the reasonable care that an ordinary person would exercise in like or similar circumstances to avoid a collision. *Chaney v. Tingley*, 366 N.E.2d 707, 710 (Ind. Ct. App. 1977).

Whether a duty of care has been breached is a question of law only when the facts are undisputed, and only one inference can be drawn from those undisputed facts. *King v. Ne. Sec., Inc.*, 790 N.E.2d 474, 484 (Ind. 2003) (citing *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371–72 (Ind. 1992)). Here, there are genuine issues of material fact as to whether Mr. Ehrgott entered a lane already occupied by Ms. Hogan. The United States argues that the undisputed evidence shows that Mr. Ehrgott did not enter a lane already occupied by Ms. Hogan. Dkt. 35 at 7. It cites Ms. Hogan's testimony that she had been in the middle for one or two seconds before she felt the impact. Dkt. 35 at 7–8. The United States argues that "Ms. Hogan's version of the accident is essentially that the parties simultaneously entered the middle lane of the I-70 on-ramp." Dkt. 35 at 8.

But the designated evidence reveals conflicting testimony on this critical issue and there are different inferences that may be drawn from the testimony. Ms. Hogan testified her vehicle was "fully in the middle lane" of the on-ramp for two seconds before the collision occurred, dkt. 34-2 at 37; 41 (Hogan Dep. at 105:9-21; 109:11-16). Mr. Ehrgott, in contrast, testified that he remained in the far-left lane, and the collision occurred in the far-left lane when Ms. Hogan came into the lane he occupied, dkt. 34-3 at 10; 21 (Ehrgott Dep. at 15:12-16; 26:8-11). He also testified that before the collision occurred, he did not look

6

over to see where Ms. Hogan's vehicle was located. *Id.* at 13 (Ehrgott Dep. at 18).

Drawing all inferences in Ms. Hogan's favor as the Court must on summary judgment, the evidence is sufficient to show that Mr. Ehrgott entered a lane already fully occupied by Ms. Hogan without first looking to see whether her vehicle was in that lane. Based on these facts and the inferences to be drawn from them, the Court could conclude that Mr. Ehrgott did not keep proper lookout or use reasonable care. *See Lucus v. Richardson*, 338 N.E.2d 659, 662 (Ind. Ct. App. 1975). Or the Court could conclude that the two vehicles merged at the same time and the collision was virtually impossible to avoid. *See McDonald v. Lattire*, 844 N.E.2d 206, 214 (Ind. Ct. App. 2006). Either way though, the Court will have to make credibility determinations to fully evaluate the witness testimony, something it cannot do on summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249–251 (1986); *Williams v. City of Chicago*, 733 F.3d 749, 752 (7th Cir. 2013); *Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011).

The United States also argues that Ms. Hogan's claims are barred by the Indiana Comparative Fault Act, Ind. Code § 34-51-2-1 *et seq*. Dkt. 35 at 9–13. Under this Act, a plaintiff is barred from recovery if her fault is greater than the defendant's. Ind. Code § 34-51-2-6(a). A court may apportion fault only "when there is no dispute in the evidence and the fact finder is able to come to only one logical conclusion." *McKinney v. Public Service Company*, 597 N.E.2d

7

1001, 1008 (Ind. Ct. App. 1992) (quoting *Robbins v. McCarthy*, 581 N.E.2d 929, 934–35 (Ind. Ct. App. 1991)).

As discussed above, a critical disputed material fact is whether Mr. Erhgott entered a lane already fully occupied by Ms. Hogan. *See Celotex Corp.*, 477 U.S. at 323; *Anderson*, 477 U.S. at 255; *McKinney*, 597 N.E.2d at 1008. Because a reasonable fact finder could infer that Mr. Ehrgott merged into a lane that Ms. Hogan already fully occupied, it could also conclude that Ms. Hogan's fault is less than that of Mr. Ehrgott. *See McKinney*, 597 N.E.2d at 1008.

Summary judgment therefore must be denied on this basis as well.

## IV.
## Conclusion

Because there are triable issues of fact regarding whether Mr. Ehrgott breached his duty of care and about comparative fault, the United States' Motion for Summary Judgment is **DENIED**. Dkt. [35].

**SO ORDERED.**

Date: 4/17/2020

_____
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Harvey Lee Lancaster, Jr.
HENSLEY LEGAL GROUP, PC
hlancaster@hensleylegal.com

James H. Milstone
KOPKA, PINKUS DOLIN PC
jhmilstone@kopkalaw.com

Justin R. Olson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
justin.olson2@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov