UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VIRGINIA HOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-03763-JPH-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO EXCLUDE EXPERT TESTIMONY**

The United States has filed a motion to exclude all expert testimony that Ms. Hogan may present at trial. Dkt. [43]. For the reasons below, the motion to exclude expert testimony is **GRANTED in part and DENIED in part.** Dkt. [43].

**I.
Facts and Background**

Virginia Hogan brought this case alleging that Stephen Ehrgott—an employee of the United States Postal Service—negligently caused a motor vehicle accident that resulted in her injury.

On November 19, 2019, Ms. Hogan served her expert disclosures on the United States. Dkt. 43-1. The disclosure included a list of 49 of "Plaintiff's medical providers" who "may be called to provide factual and causal medical information regarding the injuries claimed by Virginia Hogan." *Id.* at 1. These witnesses "ha[d] not been retained as expert witnesses." *Id.* at 4. According to the disclosure, Ms. Hogan's claimed injuries include headaches, back pain, left

1

arm and shoulder pain, and neck pain. *Id.* at 3. The disclosure also summarized what the providers may testify about:

> The testimony of these medical professionals may include a description of their respective care and treatment of Virginia Hogan. Additionally, their testimony will include information from the medical records, including any diagnosis, treatment, or prognosis, as well as each professional's opinion that the treatment Virginia Hogan has received to date was reasonable and necessary, as it relates to Virginia Hogan's motor vehicle crash with the Defendant on December 29, 2016.
>
> Ms. Hogan also included a list of six "likely testifying treating providers."

*Id.* The disclosure states that these witnesses:

> are expected to testify regarding the permanency of the injury, the limitations the injury caused in the past, at the current time, and into the future, including . . . future medical care and time away from Virginia Hogan's employment.
>
> The basis for each provider's opinion will be Virginia Hogan's medical records, testimony of Virginia Hogan, and each provider's experience as medical health professionals. No reports have been generated by these providers outside of their respective medical charts . . . .

*Id* at 3–4.

The United States has filed a motion to exclude all expert testimony that Ms. Hogan may present at trial through her treating medical providers or, in the alternative, for an order requiring Ms. Hogan to supplement her expert disclosures. Dkt. 43.

## II.
## Discussion

### A. Sufficiency of Disclosure Under Rule 26(a)(2)(B)

Federal Rule of Civil Procedure 26(a)(2) creates disclosure requirements for expert witnesses. This rule divides expert witnesses into two categories, one

2

of which requires written reports and the other only summaries of the expert's testimony. Witnesses "retained or specially employed to provide expert testimony" must provide an expert report, Fed. R. Civ. P. 26(a)(2)(B), while for other expert witnesses, including treating providers, no report is required. For expert witnesses in the latter category, counsel must disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). While the disclosure required by Rule 26(a)(2)(C) is "considerably less extensive than the report required by Rule 26(a)(2)(B)," *Valentine v. CSX Trans., Inc.*, No. 1:09-cv-01432-JMS-MJD, 2011 WL 7784120, at \*4 (S.D. Ind. May 10, 2011) (quoting Fed. R. Civ. P. 26(a) advisory committee's note (2010)), "summary disclosures must contain more than mere passing reference to the care a treating physician provided." *Slabaugh v. LG Electronics USA, Inc.*, No. 1:12-cv-01020-RLY-MJD, 2015 WL 1396606, at \*3 (S.D. Ind. Mar. 26, 2015).

Here, the United States argues that Ms. Hogan has not provided the required summary of facts and opinions to which the disclosed expert witnesses are expected to testify. Dkt. 43 at 3. Ms. Hogan responds that she has satisfied the less extensive requirement for non-retained, treating physician testimony under Rule 26(a)(2)(C). Dkt. 44 at 5.

The only opinion that Ms. Hogan provided is "that the treatment [she] has received to date was reasonable and necessary, as it relates to [her] motor vehicle crash with the defendant." Dkt. 43-1 at 3. This fails to satisfy the

3

disclosure required by Rule 26(a)(2)(C) in several respects. First, in the context of Ms. Hogan's disclosure, which lists dozens of treating providers and multiple injuries, it is not clear what treatment this opinion refers to. Next, Ms. Hogan states that her witnesses will testify regarding "the limitations the injury caused in the past," dkt. 44 at 6, but she does not identify any specific limitation or any specific injury as the cause. Similarly, she lists four claimed injuries and states that her witnesses will testify "regarding the permanency of the injury," *id.*, but again does not identify any specific injury. These vague statements do not satisfy Rule 26(a)(2)(C). *Slabaugh*, 2015 WL 1396606, at *3 (disclosure "must . . . summarize actual opinions").

Additionally, Ms. Hogan has not provided summaries of relevant facts for her experts' opinions. Ms. Hogan points to broad categories of evidence that she expects her experts to rely upon—"Plaintiff's medical records, Plaintiff's testimony, and each provider's experience as medical health professionals." *Id.* at 10. That is not enough. Rule 26(a)(2)(C) requires a "summary of the facts" to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Ms. Hogan's disclosures do not include such summaries of facts and, therefore, are inadequate.

### B. Remedy for Inadequate Disclosure

Having concluded that Ms. Hogan's disclosure is insufficient under Rule 26(a)(2)(C), the Court must next determine whether to exclude the testimony of her expert witnesses. The sanction for failure to comply with Rule 26(a)'s disclosure requirements is exclusion of improperly disclosed witnesses unless

4

the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). A court has broad discretion in determining whether an error is substantially justified or harmless, but should consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (quoting *Westefer v. Snyder*, 422 F.3d 570, 585 n.21 (7th Cir. 2005)).

Here, the United States argues that: (1) Ms. Hogan's failure was not substantially justified or harmless since she refused to supplement her disclosures after the parties met and conferred; and (2) it would be prejudiced by having to incur additional costs for its expert to review any supplemental disclosures. Dkt. 43 at 8–9. Ms. Hogan argues that (1) the United States has not been prejudiced; (2) supplementation would have a minimal effect on a trial date, and (3) there was no bad faith or willfulness. Dkt. 44 at 11–13.

On balance, the factors weigh in Ms. Hogan's favor. Ms. Hogan identified numerous expert witnesses before the close of discovery. While that disclosure wasn't very useful because it was both overinclusive (by listing so many providers) and underinclusive (by failing to provide any meaningful information about the facts and opinions), any prejudice to the United States can be cured by additional discovery well before trial so the risk of disruption to trial is minimal. Moreover, the record does not demonstrate that Ms. Hogan acted in

bad faith. On balance, the insufficiency of Ms. Hogan's disclosures does not warrant exclusion of her expert witnesses.

### C. Limitation on Scope of Expert Witnesses' Testimony

The United States asks the Court to limit the scope of Ms. Hogan's expert witnesses' testimony to opinions determined in the course of providing treatment. Ms. Hogan did not respond to this argument.

Ms. Hogan's expert witnesses are identified as "treating medical professionals [who] have not been retained," dkt. 43-1 at 3, and she has not disclosed any Rule 26(a)(2)(B) experts or corresponding reports. The Seventh Circuit requires that "a treating physician who is offered to provide testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment," is "required to submit an expert report in accordance with Rule 26(a)(2)." *Myers v. National R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734–35 (7th Cir. 2010); *see also E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013) ("[A] treating physician can provide an expert opinion without submitting a written report if the physician's opinion was formed during the course of providing treatment, and not in preparation for litigation.").

Therefore, "the scope of treatment provided by Plaintiff's treating physicians governs the extent to which they may testify on issues of causation." *Lauderdale v. Deputy*, No. 1:16-cv-02684-TWP-TAB, 2019 WL 7183784, at 3 (S.D. Ind. Dec. 26, 2019). Accordingly, the opinions of medical provider/treating physician witnesses at trial shall be limited to those opinions

6

"determin[ed] in the course of providing treatment." *Blanton v. RoundPoint Mortgage Servicing Corp.*, 825 Fed. Appx. 369, 373 (7th Cir. 2020) (quoting *Meyers*, 619 F.3d at 734–35).

### III. Further Proceedings

Ms. Hogan identified nine named treating providers in her final witness list, dkt. 40, and six named "likely testifying" treating providers in her expert disclosure. Dkt. 43-1. For each of these providers that Ms. Hogan intends to call as a witness at trial, Ms. Hogan has until **April 1, 2021 to supplement** her disclosures to comply with Rule 26(a)(2)(C). Witnesses whose disclosures remain insufficient will not be permitted to testify at trial.

The United States shall have until **May 15, 2021** to take depositions of medical provider/treating physician expert witnesses for whom timely and adequate Rule 26(a)(2)(C) disclosures have been provided.

### IV. Conclusion

The United States' motion to exclude expert testimony is **GRANTED in part and DENIED in part**. Dkt. [43]. Ms. Hogan shall supplement her expert disclosures consistent with this Order **by April 1, 2021**.

**SO ORDERED.**

Date: 3/4/2021

                                            James Patrick Hanlon
                                            United States District Judge
                                            Southern District of Indiana

Distribution:

Harvey Lee Lancaster, Jr.
HENSLEY LEGAL GROUP, PC
hlancaster@hensleylegal.com

James H. Milstone
KOPKA, PINKUS DOLIN PC
jhmilstone@kopkalaw.com

Justin R. Olson
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
justin.olson2@usdoj.gov

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov